IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH APPLEGARTH, and RUDY BUTCH STANKO,<br><br>                    Plaintiffs,<br><br>          v.<br><br>DARRELL MARSHALL, Individually, and In his offcial capacity as Commander of American Legion Post 12;  AMERICAN LEGION POST 12, and  DEFENDANTS 1X THROUGH 5X, once discovery is completed;<br><br>                    Defendants. | **4:16CV3037**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on plaintiff Joseph Applegarth's motion to dismiss his case, Filing No. 6,[1] and the defendants' motion to dismiss the case against plaintiff, Rudy Stanko, Filing No. 7.  Plaintiff Rudy Butch Stanko has not responded to either motion.  This case arises out of the pro se allegations that defendants violated plaintiffs' First Amendment rights and 42 U.S.C. § 1983.  On March 2, 2016, the Plaintiffs filed a Complaint in the District Court of Dawes County, Nebraska, alleging that the action taken by Defendants violated Plaintiffs' constitutional rights under both the Federal and State constitutions.  (Filing No. 1, Complaint).  On March 14, 2016, the Defendants removed the case from the Nebraska State District Court to this court. (Filing No. 1).

**STANDARD OF REVIEW**

    Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

---

[1] The Court will grant Mr. Applegarth's motion to dismiss.   Thus, the only remaining issue is whether to grant defendants' motion to dismiss Mr. Stanko.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under, Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Id.* First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted

2

unlawfully.).  The court must find enough factual matter (taken as true) to suggest that discovery will reveal evidence of the elements of the claim.  *Twombly*, 550 U.S. at 558, 556.  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

## BACKGROUND

Defendants allege the following facts:  "On January 27, 2016, an article appeared in 'The Stampede' newspaper titled "What Freedom Has the Veteran Preserved?"' Rudy Stanko authored the article.   "On February 17, 2016, 'The Stampede' newspaper published a letter from Plaintiff Applegarth."   "On February 19, 2016, the Defendant Darrell Marshall wrote a letter to Plaintiff Applegarth.   Defendant Marshall informed Applegarth that the Legion would no longer use his services and that Applegarth was banned from coming onto Legion property and if he chose to do so, the local police department would be notified."  Filing No. 8, at 1, ¶¶ 1-3; Filing No. 4, Exs. 1-3.

## DISCUSSION

Mr. Stanko, argues defendants, is not a real party in interest.   *See* Fed.R.Civ.P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); Neb. Rev. Stat. § 25-301 ("[e]very action shall be prosecuted in the name of the real party in interest....").  The complaint indicates that Mr. Stanko authored an article on January 27, 2016, in The Stampede entitled "What Freedom Has the Veteran Preserved?".   Mr. Stanko contends that the letter written to Applegarth implied that Stanko is also banned from the American Legion because of his political beliefs.  Last, the complaint makes

mention that "Plaintiff Rudy Butch Stanko is also considered a trespasser because of his speech."  (Filing No. 1, Complaint, ¶ 8, 17, and 20).

The elements of a § 1983 action include:

> The first element required for a § 1983 claim is a determination of "whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' of the United States."  *Doe v. Wright,* 82 F.3d 265, 268 (8th Cir.1996) (quoting *Martinez v. California,* 444 U.S. 277, 284 (1980)).   The second element for a § 1983 claim is that "'the alleged deprivation was committed by a person acting under color of state law.'"  *Shrum ex rel. Kelly v. Kluck,* 249 F.3d 773, 778 (8th Cir.2001) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).   "Private misuse of a statute by a private actor is not sufficient to state a claim under section 1983."  *Hassett v. Lemay Bank & Trust Co.,* 851 F.2d 1127, 1129 (8th Cir.1988) (citation omitted).   While a private party may be found liable on a § 1983 claim, the private party must be a "'willful participant in joint action with the State or its agents.'"  *Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.) (quoting *Dennis v. Sparks,* 449 U.S. 24, 27 (1980)), cert. denied, 114 S.Ct. 1055 (1994).   However, where a claim under § 1983 does not allege state action, the claim fails to state claim for relief.

*McDonald v. Overnite Exp.,* 2009 WL 2017715 (D. Minn. 2009).

The defendants point out that nowhere is Mr. Stanko's name mentioned in the letter written by Darrell Marshall.  Nor was a letter mailed to Mr. Stanko, only to Mr. Applegarth.  Upon review of the same, the court agrees with the defendants.  *See* Filing No. 4, Exs. 1-3.  Plaintiff is not the real party in interest here and has stated no cause of action on his behalf.

Although the determination by this court that plaintiff has stated no cause of action on his behalf ends this case, the court will also address plaintiff's civil rights claim.  Mr. Stanko has further alleged a violation of 42 U.S.C. § 1983 for exercising his first amendment rights.  Again, the court agrees with the defendants.  Plaintiff has failed to allege any state action or that the defendants acted under "color of law" as required

4

for an action under § 1983.  The defendants in this case are all private actors, as there are no allegations that Mr. Marshall or the American Legion acted under color of state law.

THEREFORE, IT IS ORDERED THAT:

1.      Plaintiff Applegarth's motion to dismiss, Filing No. 6, is granted;

2.      Defendants' motion to dismiss, Filing No. 7, is granted;

3.      Plaintiff Stanko's motion to move pretrial hearings and trial, Filing No. 10, is denied as moot;

4.      Plaintiff Stanko's first amended motion to move pretrial and hearings, Filing No. 11, is denied as moot;  and

5.      A judgment will be entered in accordance with this Memorandum and Order dismissing the case.


Dated this 28th day of June, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge